**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CANDELARIO AYALA,

       Applicant,

v.                                                                              CV 06-0056 JB/WPL

GEORGE TAPIA, WARDEN, AND
THE ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

       Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Candelario Ayala has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, asserting that he received ineffective assistance of counsel during probation revocation proceedings. (Doc. 1.) The matter is before me now on Respondents' motion to dismiss and memorandum in support (Doc. 9, 10), Ayala's response (Doc. 13), and Respondents' reply (Doc. 14). For the reasons that follow, I recommend that the motion to dismiss be granted.

**PROCEDURAL BACKGROUND**

In April 2001, Ayala and his retained attorney signed a Repeat Offender Plea and Disposition Agreement. (Doc. 11 Ex. D.) Ayala agreed to plead guilty to aggravated battery causing great bodily harm, conspiracy to commit aggravated battery, and bribery of a witness. (*Id.* at 1.) The Agreement advised Ayala that the aggravated battery charge was a third-degree felony, carrying a basic sentence of three years in prison. It further advised that the conspiracy and bribery counts were

fourth-degree felonies, carrying basic sentences of eighteen months in prison. (*Id.* at 2.)[1]

Ayala admitted in the Agreement that he had previously been validly convicted of three other offenses. (*Id.* at 1.) The State made no agreement as to the sentence, but did agree not to pursue any habitual offender enhancements based on the three prior convictions. (*Id.* at 2-3.) The Agreement provided, however, that Ayala "will be subject to habitual offender proceedings . . . if [he] violates the law before completing [his] sentence in this case," that the State would rely on Ayala's admission of the three prior convictions in any future habitual offender proceeding, and that the admission alone would be sufficient to prove the existence of the conviction and Ayala's identity. (*Id.* at 3.) Ayala waived his right to collaterally attack the prior convictions. (*Id.* at 3-4.)

The Agreement did not explain the meaning of "subject to habitual offender proceedings," nor did it set out the amount by which Ayala's sentences could be enhanced as a result of the prior convictions. At the plea hearing, the trial judge did not inform Ayala of the effect of admitting to the prior convictions.

The judge sentenced Ayala to three years in prison for the aggravated battery and eighteen months in prison for each of the other two offenses, with the three sentences to be served consecutively, resulting in a total term of six years. Ayala was allowed to serve six months of his sentence concurrently with a federal sentence that he was already serving. The remainder of the six-year sentence was suspended, and Ayala was placed on probation. (*Id.* Ex. C at 2-3.)

In March 2002, the State commenced probation revocation proceedings against Ayala. (*Id.* Ex. F.) In the Second Amended Petition to Revoke Probation, the State alleged that Ayala violated

---

[1] In fact, bribery of a witness is a third-degree felony, carrying a basic sentence of three years in prison. *See* N.M. STAT. ANN. §§ 30-24-3(C), 31-18-15(A)(8). The trial judge also orally advised Ayala that the bribery charge carried an eighteen-month basic sentence. (Tape of April 18, 2001 Plea Hearing.)

the terms of his probation in three ways. First, he was convicted of driving with a suspended or revoked license. Second, he hit his girlfriend, according to a criminal complaint filed against him. Third, he failed to report to his probation officer for two months. (*Id.* Ex. I.) In connection with the revocation proceedings, the State also filed an Amended Supplemental Criminal Information, seeking enhancement of Ayala's sentence based on his prior convictions. (*Id.* Ex. J.)

In December 2003, Ayala appeared with an assistant public defender for a hearing on the Second Amended Petition to Revoke Probation. The judge explained to Ayala that if he admitted the alleged violations the "maximum consequences" he would face would be to serve the "balance" of his "term" in prison. Ayala admitted to the first and third probation violations alleged in the Second Amended Petition to Revoke Probation, and the State orally withdrew the second allegation. (Tape of Dec. 18, 2003 Probation Revocation Hearing.)

After Ayala entered his admissions, his attorney stated that he was ready to be sentenced. The prosecutor interjected that Ayala needed to be arraigned on the Amended Supplemental Criminal Information. Both the judge and defense counsel remarked that they had not seen that document, which had been filed the previous day. The prosecutor explained that the only changes in the document were that the dates of the prior convictions had been corrected. (*Id.*)[2]

---

[2] In the original Supplemental Criminal Information, the dates of the convictions were the same as in the Repeat Offender Plea and Disposition Agreement. (Doc. 11 Ex. D, G.) The Amended Supplemental Criminal Information changed the dates of two of the prior convictions. (*Id.* Ex. G, J.) The new dates were set out in bold. (*Id.* Ex. J.) Contrary to the prosecutor's statement that these were the only changes, the Amended Supplemental Criminal Information differed from the original Supplemental Criminal Information in at least one other respect. The original Supplemental Criminal Information did not specify the degree of the probated offenses; it just stated that they were felonies. (*Id.* Ex. G.) The Amended Supplemental Criminal Information specified that conspiracy to commit aggravated battery is a fourth-degree felony and that aggravated battery and bribery of a witness are third-degree felonies. (*Id.* Ex. J.) These changes were not set out in bold.

From listening to the tape of the hearing, it appears that both attorneys approached the bench with the Amended Supplemental Criminal Information. Most of the bench conference is inaudible, but defense counsel can be heard asking, "This is what he's on probation for, right?" After the bench conference, defense counsel conferred with Ayala and announced that she had explained to him that the Amended Supplemental Criminal Information did not contain new allegations, but only corrected the dates of the prior convictions that he had already admitted. The judge then explained to Ayala that if he admitted to the prior convictions the "maximum consequences" would be that "the felony counts for which [he was] convicted in the underlying case here would be enhanced by a period of four years." (*Id.*)

Ayala admitted the allegations in the Amended Supplemental Criminal Information. Defense counsel stated that she wanted to put on the record that she was accepting the prosecutor's representation that the Amended Supplemental Criminal Information did not allege new prior convictions but merely corrected the dates of the prior convictions that Ayala had already admitted. (*Id.*)

The judge accepted Ayala's admission and gave both Ayala and his attorney an opportunity to make a statement regarding the possible sentence. Counsel asked that Ayala be allowed to begin serving his sentence as soon as possible. Ayala did not say anything. The judge announced that he would "order the balance of the term served." He also stated that he would consider recommending Ayala for the Therapeutic Community Program and that defense counsel could discuss that program with Ayala and let the prosecutor know whether he wanted to participate in it. The prosecutor then stated, "Just so I understand correctly, you're imposing the balance of the term and [inaudible] enhancing each of the three felonies [inaudible] four-year enhancement [sic]?" The judge responded,

4

"Those felonies are enhanced by the four years that's required, that's correct." Just then, defense counsel announced that she had discussed the Therapeutic Community Program with Ayala and he wanted to participate in it. It appears that counsel was discussing the program with Ayala during the exchange between the prosecutor and the judge about how the sentence enhancement would be imposed. (*Id.*)

Although the judge indicated at the hearing that Ayala's basic sentence would be "the balance of the term served," the written judgment increased Ayala's basic sentence for bribery from eighteen months to three years. (Doc. 11 Ex. A.)[3] The judgment further enhanced the basic sentences for each of the three offenses by four years. The total sentence was nineteen years and six months. (*Id.*)[4]

Ayala's counsel filed a Motion to Reconsider Sentence, stating that Ayala believed that she did not advise him of the consequences of admitting to the prior convictions and did not adequately explain the sentencing consequences that would result from admitting the probation violations. Counsel also stated that Ayala objected to her failure to inform the court of his reasons for violating his probation. (*Id.* Ex. M.) The judge denied this motion. (*Id.* Ex. O.) Ayala retained the attorney who had represented him in the original plea proceedings, and that attorney filed a Motion for Reconsideration of Sentence, requesting that Ayala be allowed to serve his sentences concurrently. (*Id.* Ex. N.) It does not appear that the judge ever ruled on this motion.

---

[3] The judgment also erroneously states that Ayala admitted the first and second allegations in the Second Amended Petition to Revoke Probation, although Ayala actually admitted the first and third allegations. (Doc. 11 Ex. A.)

[4] Ayala received consecutive sentences of three years in prison for both bribery and aggravated battery and eighteen months in prison for conspiracy to commit aggravated battery, resulting in a total basic sentence of seven years and six months. Each of the three sentences was enhanced by four years, resulting in a total sentence of nineteen years and six months. (Doc. 11 Ex. A.)

Ayala's retained attorney filed an appeal and made the following arguments: Ayala's plea to the Second Amended Petition to Revoke Probation was not voluntary and his appointed counsel was ineffective because counsel did not inform him that his basic sentences would be enhanced; appointed counsel was also ineffective in failing to file a motion to withdraw Ayala's admission to the probation violations; and the trial court committed fundamental error by not rendering the judgment and sentence in open court. (*Id.* Ex. Q, R, T.) The New Mexico Court of Appeals affirmed, and the New Mexico Supreme Court denied certiorari. (*Id.* Ex. V, X.)

Ayala's retained attorney filed a Petition for a Writ of Habeas Corpus in state court, reasserting the issues raised on direct appeal. (*Id.* Ex. Z.) Attached to the Petition was a letter to Ayala from his appointed counsel, noting that she "had not been [Ayala's] attorney during [his] original conviction proceeding, and that [she] therefore did not know whether the felony priors had been alleged previously." (*Id.*) The trial judge denied the Petition, and the New Mexico Supreme Court denied certiorari. (*Id.* Ex. AA, EE.)

In his federal habeas petition, Ayala raises two claims of ineffective assistance of counsel. First, he asserts that his appointed attorney told him that if he admitted the probation violations, he would only have to serve the time remaining on his probation in prison; she did not advise him that his sentence would be enhanced or that the enhancement would amount to an additional twelve years in prison. Ayala claims that he would not have admitted the probation violations if his attorney had given him this information. (Doc. 1 Ex. E at 3.) Second, Ayala asserts that he specifically asked his appointed attorney to file a motion to withdraw his admission on the basis of his misunderstanding about his potential sentence. Instead, counsel filed the "groundless" Motion to Reconsider Sentence. (*Id.* Ex. E at 5.)

6

## STANDARD OF REVIEW

When a state court has adjudicated the merits of a claim, this Court may not grant a writ of habeas corpus unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).  In other words, the writ may issue if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Court has on a set of materially indistinguishable facts, or unreasonably applied the correct governing legal principle to the facts of the case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  The writ may also issue if the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

## INEFFECTIVE ASSISTANCE OF COUNSEL

To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694.

The record reflects that Ayala was advised that he would be "subject to habitual offender proceedings" if he violated his probation.  (Doc. 11 Ex. D at 3.)  But there is nothing in the record to reflect that Ayala was advised, before he admitted to the probation violations, that his sentence

7

would be enhanced by twelve years. His appointed counsel's comments at the probation revocation hearing and in her letter to Ayala lend some credence to Ayala's claims that she failed to advise him that he was facing a twelve-year enhancement. However, Ayala has not established a reasonable probability that the result of the proceeding would have been different but for the errors he has identified.[5]

In denying Ayala's state habeas petition, the trial judge noted that Ayala had not shown that he could have mounted any defense to the allegations that he violated the terms of his probation. (*Id.* Ex. AA.) One of the probation violations that Ayala admitted was that he drove with a suspended or revoked license. The State alleged that he had been convicted of this offense. (*Id.* Ex. I.) In his federal habeas petition, Ayala does not assert that these allegations are false.

Taking into consideration the allegation that Ayala was convicted of a new offense while on probation, the burden of proof at a probation revocation proceeding, and Ayala's failure to assert that the allegation was untrue, Ayala has not established a reasonable probability that the result of the proceeding would have been different if counsel had properly advised him of the sentencing consequences or had filed a motion to withdraw his admission. *See, e.g., Burket v. Angelone*, 208 F.3d 172, 190 (4th Cir. 2000) (holding that defendant failed to establish that a reasonable defendant would have insisted on going to trial given the powerful evidence against him); *United States v. Rodriguez-Luna*, 937 F.2d 1208, 1215 (7th Cir. 1991) (holding that there was no reasonable

---

[5] Ayala does not specifically complain about the increase in his basic sentence for bribery from eighteen months to three years, and he does not argue that counsel was ineffective in failing to object to that increase. He has never argued that his original guilty plea was involuntary because he was misadvised about his basic sentence, nor has he argued that either his original basic sentence of six years or his revised basic sentence of seven years and six months is illegal. Because these arguments have not been presented to the state courts and are not properly before me, I express no opinion as to their merits.

8

probability that the outcome of the proceeding would have been different if defendant had not pled guilty because the evidence of guilt was overwhelming); *see also State v. Sanchez*, 28 P.3d 1143, 1146-47 (N.M. Ct. App. 2001) (stating that a probation violation need only be established with reasonable certainty); *cf. United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) ("In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that . . . but for counsel's error, the defendant would have insisted upon going to trial."), *cert. denied*, 126 S. Ct. 2318 (2006). The trial judge's conclusion that Ayala could not establish prejudice was not contrary to, nor did it involve an unreasonable application of, clearly established federal law.

## RECOMMENDATION

I recommend that Ayala's habeas application (Doc. 1) be denied, the motion to dismiss (Doc. 9) be granted, and this cause be dismissed with prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

*[signature: William P. Lynch]*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE